UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:22-cv-10182-RWZ

DAWN THOMPSON

v.

KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration

MEMORANDUM & ORDER

September 27, 2023

ZOBEL, S.D.J.

Plaintiff Dawn Thompson ("Plaintiff") appealed from the final decision by the Commissioner of the Social Security Administration ("Commissioner") that upheld an Administrative Law Judge's ("ALJ") denial of her application for social security disability insurance benefits ("DIB"). Plaintiff asserted that the ALJ erred by (1) concluding that none of her impairments met the requisite severity level; and (2) articulating a residual functional capacity ("RFC") that does not comport with a "low stress" job. Docket # 19. The government moved for an order affirming the Commissioner's decision. Docket # 17. For the reasons stated below, the government's motion to affirm is allowed and the Plaintiff's motion to reverse or remand is denied.

I.   **Background**

Plaintiff asserted disability beginning December 22, 2016. R. 253.[1] Her claim for DIB was first denied on January 8, 2018, and again upon reconsideration on March 20,

---

[1] "R." refers to the administrative record, filed in this matter at Docket # 12.

2018. R. 145, 154. ALJ Eric Eklund then held an evidentiary hearing on June 30, 2020, R. 68–106, and on July 30, 2020, ruled that Plaintiff was not disabled. R. 42–60. The Appeals Council denied her request for review of that decision, which then became the final decision of the Commissioner. R. 2–4. Plaintiff timely appealed to this court.

## II. Standard of Review

The Social Security Administration uses a five-step process for determining whether an individual is disabled, including for mental impairments. See 20 C.F.R. 416.920(a). At step three, the ALJ decides whether the individual's impairments are medically "severe" within the meaning of the regulations' listing requirements. Then, at step four, the ALJ determines the individual's RFC, which is her ability to do physical and mental work on a sustained basis despite limitations from her impairments. If she is unable to perform her past relevant work considering her RFC, then the ALJ moves to step five to determine whether work exists in significant numbers in the national economy. Plaintiff has the burden of proof at steps one through four, whereas the agency has the burden at step five.

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir.

1987) (per curiam). Further, resolving credibility issues "'and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner].'" Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)). Questions of law are reviewed de novo. Seavey, 276 F.3d at 9.

## III. Discussion

Although Plaintiff asserted only a physical disability from a car accident in her initial claim for DIB, she now alleges that the ALJ did not properly consider her mental impairments when denying her claim for benefits. She no longer raises the physical ailments as a basis for a disability finding; rather, she uses the inconsistent self-reports regarding her physical condition as evidence of her mental disfunction. Docket # 19. She also alleges that the ALJ's RFC is incompatible with a "low stress" job.

The ALJ must consider all of Plaintiff's impairments, even if not severe. 20 C.F.R. 416.920(e). Resolving inconsistencies within the medical evidence and/or the testimony is the ALJ's province. See Rodriguez Pagan, 819 F.2d at 4; Ferreira v. Astrue, No. 10-11983-NMG, 2012 WL 1085522, at *7 (D. Mass. Mar. 29, 2012). He is expected to consider evidence from multiple sources, some of which may be conflicting. For mental impairments, a claimant must have at least two "marked limitations" or one "extreme limitation."[2] Here, the ALJ determined that Plaintiff did not have two marked or one extreme mental limitation. If the ALJ's decision is supported by substantial evidence, the reviewing court may not disturb it, even if the court would reach a different conclusion.

---

[2] "An extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis. A marked limitation is a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis." R. 46–47.

Rodriguez Pagan, 819 F.2d at 3. Substantial written medical evidence and live testimony support the ALJ's findings in this case.

The ALJ considered Plaintiff's self-reported symptoms and her medical records, as well as expert opinions, regarding her mental state. R. 46–49. The evidence regarding her mental impairments is inconsistent. Though her records refer to a psychiatric hospitalization in April 2016—prior to the alleged disability onset date—a psychological evaluation from July 2016 noted that her thinking and reasoning were "not . . . seriously impaired." Compare R. 515 with R. 1374–82. As the ALJ recounted, "the treatment records from . . . August 17, 2018 to February 25, 2020 reveal[] a variety of subjective complaints, but the mental status examinations were consistently unremarkable." R. 47; see also R. 1424–63, 1613–17. Various physicians described Plaintiff as "pleasant," "high functioning," "alert," "intelligent" and "orient[ed]", despite her diagnoses of depression, anxiety, and borderline personality disorder. R. 486, 490, 476–77, 532, 582, 600, 604, 1460. The records also indicate that Plaintiff had a desire to return to work and that her treating physicians were helping her toward that goal. See, e.g., R. 476–77, 537, 1453–55. Wherefore, substantial evidence supports the ALJ's determination that her mental impairments did not meet the listing requirements for "marked" or "extreme" limitation, wherefore his decision must be affirmed, even if the reviewing court could reach a different conclusion. Rodriguez Pagan, 819 F.2d at 3.

Next, the ALJ determined, based on her articulated symptoms and the medical records, that Plaintiff has an RFC to perform "light work." R. 49, 55–56. She is "limited to simple, unskilled work; in a low stress job, with only occasional decision making, only occasional changes in work setting; no interaction with [the] public, [and only] occasional

interaction with coworkers [or] supervisors." R. 49. This finding is supported by substantial evidence from the medical records, as noted above. Specifically, the consistently normal mental status examinations by her therapist, R. 1424–63, 1613–17, and "above average" and "average" scores during her July 2016 neuropsychological examination, R. 1374–82, fully support the ALJ's RFC. Finally, the ALJ properly relied on the state psychologist's determination from Plaintiff's February 2020 psychological examination that despite her "history of longstanding interpersonal difficulties [] she remained functional including no effect on her ability to work in the past." R. 1498–1507.

### IV. Conclusion

Plaintiff's Motion for Order Reversing the Decision of the Commissioner (Docket # 16) is DENIED, and Defendant's Motion for Order Affirming the Decision of the Commissioner (Docket # 17) is ALLOWED.

9/27/23
DATE

RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE